United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TATIANA PURBUEVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5547 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

On November 6, 2021, Tatiana Purbueva ("Petitioner"), a citizen of Russia, presented herself at an official port of entry and was inspected, processed, and paroled into the United States.[1] On November 6, 2025, Petitioner was detained by Immigration and Customs Enforcement at a routine immigration check-in.[2] An immigration judge has pretermitted her application for asylum and has ordered her removed from the United States to Russia.[3] Petitioner has appealed that decision and remains in immigration custody.[4]

On April 24, 2026, Petitioner filed her first petition for writ of habeas corpus. Purbueva v. Frink, CIVIL ACTION NO. H-26-3353, 2026 WL 1707197 (S.D. Tex. June 12, 2026) (Lake, J.). Petitioner argued that her detention without a bond hearing violated due process and that §

---

[1]Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶ 25. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Motion to Dismiss, Docket Entry No. 6, p. 2.

[3]Id.

[4]Id.

1225(b)(2) was unconstitutional as applied to her.[5] On June 12, 2026, the court entered a Memorandum Opinion and Order denying Petitioner's first habeas petition. Id. at *2. The court held that "Petitioner's detention without a bond hearing does not violate substantive or procedural due process" and dismissed Petitioner's claims with prejudice. Id.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1), which was filed on July 13, 2026. Petitioner argues that her detention without a bond hearing violates due process and the Immigration Nationality Act.[6] Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 6). Respondents argue that Petitioner's Habeas Petition should be dismissed under the abuse of the writ doctrine.[7]

Successive habeas petitions under 28 U.S.C. § 2241 are "subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again." Ortiz-Lopez v. Federal Bureau of Prisons, Director, 830 F.App'x 127, 131 (5th Cir. 2020). Additionally, "a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claims earlier." Id. Petitioner's Habeas Petition reasserts the same arguments that the court dismissed with prejudice when it denied her first petition. Purbueva, 2026 WL 1707197, at *1–*2 (S.D. Tex. June 12, 2026). Petitioner has not raised any new point of law or fact that would justify her successive

---

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, pp. 8–22. Although this action was originally assigned to the Honorable Keith Ellison, it was reassigned to the undersigned judge "[i]n the interests of uniformity" with Purbueva, 2026 WL 1707197 (S.D. Tex. June 12, 2026). Notice of Reassignment, Docket Entry No. 7, p. 1.

[7]Motion to Dismiss, Docket Entry No. 6, p. 4.

filing. If Petitioner wishes to challenge the court's holding in Purbueva, 2026 WL 1707197 (S.D. Tex. June 12, 2026), she may file an appeal with the Fifth Circuit.

For the reasons explained above, Respondents' Motion to Dismiss (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 18th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE